UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:10CV68-J

MITZI A. BURTON                                                            PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                 DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Mitzi Burton ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On July 25, 2006, Claimant filed application for supplemental security income. After a hearing, Administrative Law Judge Don C. Paris ("ALJ") determined that claimant's borderline intellectual functioning and asthma were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on February 4, 2010.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

1

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ failed to identify any specific work limitations arising from her intellectual impairment, a failure that is logically inconsistent with finding her borderline intellectual function to be a "severe" impairment. The burden actually falls in the opposite direction: It is plaintiff's burden to establish disability, and it is plaintiff's responsibility to point to any functional impairment that would prevent her performance of identified work. Plaintiff has not pointed to any such functional impairment.

If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991). Plaintiff's primary argument is that she met Listing 12.05 (mental retardation), such that the ALJ erred in moving beyond Step Three of the sequential analysis.

Plaintiff bears the burden of proving that she meets or equals a Listing. Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987). She must present specific medical information to satisfy all of the

2

Listing criteria. 20 C.F.R. Sec. 416.925. Listings are to be interpreted very strictly, and the plaintiff must establish the existence of all elements of the Listing. Foster v. Halter, 279 F.3d 348 (6th Cir. 2001), Hale v. Secretary, 816 F.2d 1078 (6th Cir. 1987). To meet a listing, a claimant must use specific *medical* evidence. That is, at Step Three, it is insufficient to point to the existence of an impairment and use various types of evidence to argue that the functional restrictions imposed by that impairment are disabling; rather, the plaintiff must point to medical evidence establishing *all* of the criteria set out in the listing. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The plaintiff cannot show that she "equals" a Listing simply by showing overall functional impact of her condition; "equivalence" is a test used only when the claimant's impairment is unlisted, and it is satisfied only by presenting medical evidence of findings "equal in severity to *all* the criteria for the one most similar impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990).

While plaintiff argues that the numerical IQ scores meet the Listing, she fails to note the requirement of a *valid* IQ score. In this case, there is simply no showing of a valid IQ score that meets the Listing. Ollie Dennis, a Certified Psychologist, evaluated Ms. Burton and administered several tests. He explicitly observed that her "performance on the Test of Memory Malingering would indicate that she was exerting poor effort," and that her intelligence test results "probably represented a very low estimate of her intellectual ability and secondary gain should be ruled out." Tr. 249, 250. Dr. Dennis's Axis I diagnostic impression was "rule out malingering on this examination." Tr. 251. Under such circumstances, the ALJ did not err in failing to treat the recorded scores as "valid IQ scores."

An additional problem is that the Listing requires a *diagnosis* of mental retardation. The

only diagnosis of record is "provisional," because of the inability of the examiner to rule out malingering. Tr. 251. Indeed, pursuant to the Listing, no diagnosis of mental retardation would be appropriate absent deficits in adaptive functioning, which plaintiff failed to demonstrate. Thus, plaintiff failed to establish every element of the Listing.

As there is no error of law and substantial evidence supports the decision of the ALJ, that decision must be affirmed. An order in conformity has this day entered.